UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERN L. HUDSON                          No. 2:09-cv-00803-MCE-DAD

          Plaintiff,

     v.                                 <u>MEMORANDUM AND ORDER</u>

UNITED STATES OF AMERICA;
DOES 1-20, inclusive,

          Defendants.

----oo0oo----

     Plaintiff Fern L. Hudson ("Plaintiff") seeks monetary relief
from the United States of America ("Defendant") for claims
arising under the Federal Tort Claims Act, 28 U.S.C. § 1346(b),
et seq. ("FTCA").

     Presently before the Court is a Motion by Defendant to
Dismiss Plaintiff's Complaint for lack of subject matter
jurisdiction pursuant to Federal Rule of Civil Procedure
12(b)(1).  For the reasons set forth below, Defendant's Motion to
Dismiss is granted.[1]

---

     [1] Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
argument.  Local Rule 230(g).

1

## BACKGROUND[2]

On June 14, 2008, Mrs. Fern Hudson, an 80-year-old woman, suffered an injury while grocery shopping at the McClellan Commissary at McClellan Air Force Base.  Plaintiff alleges that while standing at the checkout counter, a "bagger" or other employee was moving an electric shopping cart.  The cart struck Plaintiff causing her right femoral shaft to shatter and throwing her body to the floor where she struck her head.

Plaintiff asserts that she timely filed an administrative claim and upon denial, subsequently, filed suit in this Court pursuant to FTCA procedure.

## STANDARD

Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time.  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d. 593, 594-95 (9th Cir. 1996).

///

///

///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

Lack of subject matter jurisdiction may be raised by the district court <u>sua sponte</u>: "Nothing is to be more jealously guarded by a court than its jurisdiction." <u>In re Mooney</u>, 841 F.2d. 1003, 1006 (9th Cir. 1988).

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a facial attack on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis. <u>Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979); <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3rd Cir. 1977).

If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412 (5th Cir. 1981); <u>Mortensen</u>, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Thornhill</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F.2d at 891).

///
///
///
///
///
///
///

**ANALYSIS**

Defendant argues that Plaintiff's action should be dismissed for lack of subject matter jurisdiction because it does not satisfy the FTCA's jurisdictional requirement that her injuries be caused by a government employee.  Plaintiff counters that the Defendant should be liable for the bagger's negligent actions.

"The Federal Tort Claims Act waives the United States' sovereign immunity for actions in tort." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).  Under the FTCA, the federal government waives its sovereign immunity for those claims arising out of:

> "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. section 1346(b).  However this general waiver of sovereign immunity is subject to several restraints. See Terbush v. United States, 516 F.3d 1125, 1128-29 (9th Cir. 2008).  "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), cert denied, 466 U.S. 958 (1984).

At issue in the instant case is the "independent contractor exception," which exempts the government from liability that would otherwise result from "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

4

28 U.S.C. § 2680(a). By definition, a federal agency or employee "does not include any contractor with the United States." 28 U.S.C. § 2671. "Federal law determines whether an individual is a federal employee." Autrey v. United States, 424 F.3d 944, 957 (9th Cir. 2005). However, "[c]ommon law agency principles are also instructive in determining whether one is a contractor or an employee." Id.

The Ninth Circuit has not definitively ruled on the role of grocery baggers in regards to the FTCA. However, the Ninth Circuit has held in the civil rights context held that a bagger's license to work was "not an employment contract but rather a revocable grant of permission to work for customer tips." Havekost v. United States Department of Navy, 925 F.2d 316, 317 (9th Cir. 1991).

Sister Circuits have come to similar conclusions. The D.C. Circuit has held that commissary baggers are not government employees under the Federal Labor Standards Act. Waters v. Rumsfeld, 320 F.3d 265, 268 (D.C. Cir. 2003). The Fifth Circuit has also found that "baggers were not Army employees." Mares v. Marsh, 777 F.2d 1066, 1068 (5th Cir. 1985).

Plaintiff cannot dispute that the bagger who struck her, Wantong Parson ("Parson"), was a government contractor. Parson's contract explicitly stated that Parson was "not an employee of the commissary or Defense Commissary Agency" and was "not under the supervision, direction, or control of any employee of the Commissary." Agreement, Robinson Exhibit B at ¶ 2.

///

///

5

Further, the factors dealing with Parson's terms of employment demonstrate that the federal government lacked an authority to control and direct the daily performance of Parson's employment. "The critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the detailed physical performance and day-to-day operations of the contractor." Autrey, 424 F.3d at 956 (citing Hines v. United States, 60 F.3d 1442, 1446 (9th Cir. 1995)). In the instant case, the baggers at the McClellan Commissary are supervised and directed by a Head Bagger, another independent contractor elected by all other baggers. Robinson Declaration ¶ 7; Agreement at ¶¶ 10-12. The Head Bagger exercises his authority to issue licenses to the baggers each year and to supervise the baggers day-to-day operations. Robinson Dec. ¶¶ 7, 9. The Head Bagger establishes work schedules that the baggers agree to abide by. Agreement at ¶ 11. The Commissary does not pay the baggers, directly or indirectly, for their services. Id. at ¶ 3. The baggers do not receive pension, health, or other benefit plans or worker's compensation. Id. at ¶ 6. Further, the Agreement holds that the "[b]agger hereby assumes the entire responsibility and liability for any and all damages to all personal [sic] and property growing out of or resulting from the execution of work provided for in this AGREEMENT, including that resulting from the use of government furnished equipment." Id. at ¶ 8.

Plaintiff contends that the baggers are, in reality, still government employees because they are bound by the rules and regulations imposed by the government.

However the existence of such regulations is not dispositive. An agent is not converted into an employee when the United States implements "standards that are designed to secure federal safety objections." Hines, 60 F.3d at 1447. "[T]he ability to compel compliance with federal regulation does not change a contractor's personnel into federal employees." Id. Rather, "there must be substantial supervision over day to day operations of the contractor in order to find that the individual was acting as a government employee." Id. Here, the Commissary's minor role in instructing baggers to maintain personal hygiene, comply with laws, and be respectful of guests and fellow employees, is hardly the type of "substantial" control that warrants FTCA liability. Agreement at ¶ 12-14.

Accordingly, the Plaintiff's cause of action under the FTCA is dismissed without prejudice.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Docket No. 9) is GRANTED. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: February 18, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE